**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOCK HAYS GRISBY, JR., | ) | CASE NO.  5:11cv1443 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| RUBBER CITY McDONALD'S, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Complaint ("Complaint") of *pro se* Plaintiff Dock Hayes Grisby, Jr. ("Mr. Grisby") against his former employer, Rubber City McDonald's Restaurant in Akron, Ohio. Mr. Grisby claims the restaurant's actions caused him to suffer serious health problems in January 2010. He seeks $400,000,000.00 in damages.

**Background**

Mr. Grisby was hired by McDonald's in December 2007 as a maintenance worker. While working at the restaurant, he complained that the trash bags contained a chemical that made him ill. He was assured nothing was wrong with the bags. During the course of

completing his cleaning duties, Mr. Grisby states he used "Hydrofluoric acid."[1] He states he "didn't realize that this particular chemical could cause [him] respiratory problems." (Compl.[2] at 2.) He continued to work at McDonald's until July 31, 2009.

Mr. Grisby has attached 50 pages of documentation to his Complaint, divided into seven exhibits. Those exhibits reveal that Mr. Grisby went to Akron General Health System on July 17, 2009.[3] His chief complaint was "nauseousness and vomiting secondary to mold." Akron General physician Jessica Resnick, M.D. examined Mr. Grisby. On the Emergency Department (ED) Physician Dictation, dated July 17, 2009, Dr. Resnick reported that:

> He complains of nauseousness and vomiting any time he is in a house that has mold in it. He noticed the mold about a year ago. It has progressively increased in quantity since that point. He decided to move about 2 weeks ago and has not lived in the house since that point. . . . He eventually becomes nauseous he gets short of breath and has a cough. The patient takes 1 small trip a day of stuff to a new home in Barberton. [ … ] Last night he moved a load, became nauseous, he went to work at McDonald's and vomited.

(Doc. 1-2 at 3.) Mr. Grisby was discharged and provided an albuterol inhaler. Dr. Resnick

---

[1] Mr. Grisby attaches a copy of McDonald's *Night Maintenance Procedures (Daily & Weekly)*. He highlights the section under 'Cleaning floors and Baseboards,' which states:

● To enhance a slip-resistant floor, use a hydrofluoric floor treatment. Consider this type of floor treatment if your floor remains slippery despite proper maintenance procedures. *The approved supplier for hydrofluoric floor treatment is Aegis.* The company can be reached at (U.S.) 800.544.1443

(Doc. 1-8 at 2.) (emphasis added.) The manual clarifies that the hydrofluoric cleaning procedure is not part of routine maintenance. Furthermore, it is a service which McDonald's contracts out to another company, namely Aegis. http://aegisfloors.com/testimonials/ ("Since 1994, AEGIS Floorsystems, Inc. has been an approved vendor of McDonald's Corporation.")

[2] All citations to the Complaint will be abbreviated "Compl. at ___." The Complaint is a two-page document, the first of which is merely a case caption and a demand. (Doc. 1.)

[3] When a party attaches exhibits to a pleading, as in this case, the attachments become part of that pleading. *See* FED.R.CIV.P. 10(c). "In assessing the legal sufficiency of a claim, [the court] may look to documents attached as exhibits or incorporated by reference into the complaint." *Knapp v. City of Columbus*, 93 Fed. App'x 718, 720 (6th Cir. 2004) (citing *amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

advised him to stay out of the moldy house.

A Record of Proceedings from the Industrial Commission of Ohio ("the Record") attached to the Complaint indicates Mr. Grisby reported an "injury" occurred on July 31, 2009 at McDonald's. (Doc. 1-5.) The Record states that he filed an Injury or Occupational Disease Allowance claim on August 6, 2009. *Id.* It states further that a hearing was held on September 28, 2009 before a District Hearing Officer ("DHO"). The DHO denied Mr. Grisby's claim and the decision was affirmed by a Staff Hearing Officer ("SHO") who found Mr. Grisby "failed to establish his claim that he sustained an injury or contracted an occupational disease in the course of and arising out of his employment with the named employer." *Id.* The SHO advised Mr. Grisby of his right to file an IC-12 Appeal within 14 days from the date of the decision. *Id.* There is no indication he appealed the SHO's decision.

On or about January 17, 2010, Mr. Grisby alleges he "started feeling *very ill*." (Compl. at 2) (emphasis added.) He was taken to Family Medicine of Akron where he arrived in critical condition. Mr. Grisby was intubated and, according to his Complaint, was diagnosed as having "strep[tococcal] pneumonia, hypertension, empyema, chronic obstruction pulmonary disease, [and] chronic kidney disease." *Id.* Shortly thereafter, Mr. Grisby suffered multi-system organ failure. *Id.* A tracheostomy was performed, along with placement of a PEG tube. *Id.* It was also determined that he had non-obstructive coronary artery disease. (Doc. 1-2 at 1.) For the weeks that followed, Mr. Grisby asserts that he remained in a coma. Eventually, the tracheostomy was removed, Mr. Grisby was provided thick fluids and he was discharged on February 25, 2010. (Doc. 1-2 at 1.)

Mr. Grisby states he never suffered from a serious illness before his

hospitalization in January 2010. Although Dr. Resnick did note in July 2009 that his medical records indicate "he does not receive routine health care," Mr. Grisby alleges McDonald's is responsible for the illness he suffered and the resultant "major complications" from which he will suffer for the rest of his life. He feels he is entitled to compensation for the "medical and mental anguish" allegedly caused by McDonald's.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) a district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig*., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

## Subject Matter Jurisdiction

### *Federal Question*

"The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470,

475 (1998) (alteration omitted). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The face of Mr. Grisby's pleadings appears to attempt to allege some type of tort. Absent any reference to a federal statute or constitutional claim, federal jurisdiction cannot be established. *See e.g. Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007) (before reaching merits of a case, federal courts obliged to ensure they enjoy subject matter jurisdiction). Nothing in Mr. Grisby's pleading sets forth any federal claim that prohibits the negligent acts of a private employer. Nor is there any suggestion of a claim by Mr. Grisby that might be preempted by federal law. In short, Mr. Grisby has failed to establish this Court's federal question jurisdiction.

*Diversity*

Diversity jurisdiction mandates original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Mr. Grisby clearly seeks more than $75,000 in damages. Moreover, he is an Ohio citizen. Defendant Rubber City McDonald's is a restaurant located in Akron, Ohio. It is one of 20 restaurants throughout the Akron area in Summit and Portage Counties of which Rubber City Arches, LLC is the owner/operator. *See* http://www2.mcohio.com/11723/3619/Our-Other-Stores/. Moreover, Rubber City Arches is registered as a Domestic Limited Liability Company organized under the laws of the State of

Ohio. *See* http://www2.sos.state.oh.us/pls/bsqry/. Rubber City Arches, LLC's principal business address is in Ohio. Rubber City Arches, LLC operates Defendant Rubber City McDonald's, a fast food restaurant doing business in Akron, Ohio.

"The general rule is that all unincorporated entities─of which a limited liability company is one─have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs*., 494 U.S. 185, 187─92 (1990)). Thus, "a limited liability company has the citizenship of each of its members." *Delay,* 585 F.3d at 1005. Every other circuit that has addressed this issue agrees. *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54─55 (1st Cir.2006); *Handelsman v. Bedford Vill. Assocs. P'ship*, 213 F.3d 48, 51─52 (2d Cir. 2000); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.2008); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C*., 374 F.3d 1020, 1022 (11th Cir. 2004).

Although Mr. Grisby has not set forth any jurisdictional statement, the facts render deficient any claim of this Court's diversity jurisdiction. For a court to examine diversity jurisdiction in a case in which a limited liability company is a party, it would ordinarily be necessary to know the citizenship of each member of the company. *See Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 347─48 (7th Cir.2006). Where, as here, however, the entity that operates the defendant business is a citizen of Ohio, complete diversity is destroyed without an exhaustive examination of each member's citizenship. *See Caudill v. N. Am. Media Corp*., 200 F.3d 914,

916 (6th Cir.2000). Because Rubber City Arches, LLC, the operating entity behind Rubber City McDonald's, is a citizen of Ohio, there are citizens of Ohio on both sides of this lawsuit, and the case cannot proceed under § 1332. Federal jurisdiction has not been established.

The remainder of Mr. Grisby's Complaint fails to state a claim for federal relief. Although Federal Civil Rule 8 does not establish a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009). A complaint does not suffice "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). While at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), it is still necessary to include some "well-pleaded factual allegations" to support the claim. *Iqbal*, 129 S.Ct. at 1950. Even a liberal reading of the 50 pages constituting Mr. Grisby's exhibits fails to support a federal claim.

*Conclusion*

For the foregoing reasons, this case is **dismissed**, but without prejudice to any state law claims Mr. Grisby may seek to raise. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Dated: August 1, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**